[631 NYS2d 250]

In the Matter of MARTIN J. SPELLMAN, JR., an Attorney, Resignor.

Second Department, August 28, 1995

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains *(Gloria A. Bunze* of counsel), for Grievance Committee for the Ninth Judicial District.

## OPINION OF THE COURT

Per Curiam.

Martin J. Spellman, Jr. has submitted an affidavit dated July 18, 1995, wherein he tenders his resignation as an attorney and counselor-at-law *(see,* Rules of App Div, 2d Dept [22 NYCRR] § 691.9). Mr. Spellman was admitted to the practice of law by the Appellate Division of the Supreme Court, Second Judicial Department, on June 15, 1966.

Mr. Spellman acknowledges that he is currently the subject of an investigation by the Grievance Committee for the Ninth Judicial District into allegations that he converted escrow funds, commingled client and personal funds, and failed to cooperate with the Grievance Committee's investigation. In his affidavit of resignation, Mr. Spellman concedes that he converted a $20,614 down payment from a real estate transaction. The respondent later repaid the funds.

Mr. Spellman acknowledged his inability to defend himself against any charges predicated on the results of the Grievance Committee's investigation.

Mr. Spellman's proffered resignation expressly indicates his awareness that pursuant to Judiciary Law § 90 (6-a), an order permitting him to resign could require him to make monetary restitution to aggrieved persons or to reimburse the Lawyers' Fund for Client Protection. Mr. Spellman is further aware that any order issued pursuant to Judiciary Law § 90 (6-a) may be entered as a civil judgment against him. He specifically waives the opportunity afforded him by Judiciary Law § 90 (6-a) (f) to be heard in opposition thereto.

Mr. Spellman indicates that his resignation is freely and voluntarily tendered, that he is not being subjected to coercion or duress, and that he is fully aware of the implications of submitting his resignation.

Counsel for the Grievance Committee recommends that the Court accept the resignation. Under the circumstances, the resignation of Martin J. Spellman, Jr. as a member of the Bar is accepted and directed to be filed. Accordingly, Martin J. Spellman, Jr. is disbarred and his name is stricken from the roll of attorneys and counselors-at-law, effective immediately.

MANGANO, P. J., SULLIVAN, THOMPSON, SANTUCCI and GOLDSTEIN, JJ., concur.

Ordered that the resignation of Martin J. Spellman, Jr. is accepted and directed to be filed; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective

immediately, Martin J. Spellman, Jr. is disbarred and his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that Martin J. Spellman, Jr. shall promptly comply with this Court's rules governing the conduct of disbarred, suspended and resigned attorneys *(see,* Rules of App Div, 2d Dept [22 NYCRR] § 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Martin J. Spellman, Jr. is commanded to desist and refrain (1) from practicing law in any form, either as principal or as agent, clerk or employee of another, (2) from appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission or other public authority, (3) from giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) from holding himself out in any way as an attorney and counselor-at-law.